# EXHIBIT A

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

TARA HOPKINS,

              Plaintiff,

-vs-                                  Case No. 20-       NO
                                        HON.

WAL-MART STORES, INC.,
a Delaware corporation,

              Defendant.

_____/

NATHAN A. DODSON (P68560)
KURT N. KONING (P78227)
COLLEEN M. FRIES (P80012)
FISHER, FOWLER, DODSON, WILLIAMS & NESI, PLC
Attorneys for Plaintiffs
18538 Mack Avenue
Grosse Pointe, MI 48236
(313) 458 8276 / Fax: (313) 469 7085
k.koning@ffwplc.com
c.fries@ffwplc.com
n.dodson@ffwplc.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

**PLAINTIFF'S COMPLAINT**

    NOW COMES the Plaintiff, TARA HOPKINS, her attorneys, FISHER, FOWLER,

DODSON, WILLIAMS & NESI, PLC, and for her Complaint against the Defendant, WAL-

MART STORES, INC., states as follows:

**FISHER
FOWLER
DODSON
WILLIAMS
& NESI**

*Personal Injury &
Professional Licensing
Office*

18538 Mack Ave.
Grosse Pointe Farms, MI
48236

*Family Law, Probate
& Trust Litigation Office*

722 Notre Dame
Grosse Pointe, MI 48230

_____

(313) 458-8276
(313) 469-7085 (FAX)

ffwplc.com

**Attorneys**

Dodd B. Fisher, Esq.
Aimee Fowler, Esq.
Nathan Dodson, Esq.
Daniel Williams, Esq.
Christopher J. Nesi, Esq.
Erin E. Avey, Esq.
Colleen Fries, Esq.
Kurt N. Koning, Esq.

1.      That Plaintiff, TARA HOPKINS, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      That at all time hereinafter mentioned, Defendant, WAL-MART STORES, INC., (hereinafter Wal-Mart) is a foreign corporation and did business and was the owner and/or maintainer of real property in the form of a Walmart Supercenter building, located at 5851 Mercury Drive in the City of Dearborn, County of Wayne, State of Michigan.

3.      That jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in the County of Wayne, State of Michigan and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

4.      That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

## GENERAL ALLEGATIONS

5.      Plaintiff incorporates by reference paragraphs 1 through 4 as if fully stated herein.

6.      That on or about September 1, 2020, Plaintiff TARA HOPKINS was a business invitee at the Defendant's Walmart Supercenter building, located at 5851 Mercury Drive in the City of Dearborn, County of Wayne, State of Michigan.

7.      That as Plaintiff approached the building entrance and attempted to enter the building, she suddenly and without warning slipped and fall on an unreasonably dangerous condition, namely debris covering the ground.

8.      That as a result of the slip and fall, Plaintiff suffered serious and disabling bodily injury, as more fully hereinafter set forth.

9.      That at all times relevant to the within, Defendant had exclusive possession and control of the area where the subject incident.

## COUNT I.  Negligence of Defendant City of Detroit

10.     Plaintiff incorporates by reference paragraphs 1 through 9 as if fully stated herein.

11.     That at all times relevant within, Defendant owed a duty to Plaintiff to properly maintain the premises and were in a position to best control and present the condition exposing Plaintiff to unreasonable risk of harm, and knew of the defective and unsafe condition on the ground.

12.     That the Defendant owed a duty to Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

13.     That notwithstanding said knowledge and in total disregard of said duties, Defendant breached same by the following omissions, including but not limed to:

    a.     Allowing the dangerous and unsafe debris to remain on the ground at the entrance for an unreasonable period of time;

    b.     Failing to clean, maintain and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

    c.     Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said hazard to remain in the area where customers were known to traverse regularly;

    d.     Failing to warn business invitees and others of the dangerous and hazardous condition on the premises;

    e.     Failing to provide a safe entrance/egress by providing proper visibility, so that customers may be able to enter said premises safely;

    f.     Otherwise breaching additional duties owed.

14.     That Defendant is liable for the negligence actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior*.

3

15.     That Defendant, under a separate and distinct duty owed to Plaintiff, is responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained by him.

16.     That Defendant, under a separate and distinct duty owed to Plaintiff, through its active negligence created a new hazard altering the premises, which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

17.     That as a direct and proximate result of Defendant's negligence and carelessness, Plaintiff sustained damages including, but not necessarily limited to:

    a.     Traumatic Brain Injury, post-concussion syndrome, headaches, dizziness, blurred vision, memory issues, as well as injuries to her neck and lower back, including lumbar radiculopathy, and related and resultant injuries;

    b.     physical pain and suffering and extensive physical therapy and other rehabilitation;

    c.     disability and permanent scarring and disfigurement;

    d.     mental anguish;

    e.     fright and shock;

    f.     denial of social pleasures and enjoyment of the usual activities of life;

    g.     embarrassment, humiliation and mortification;

    h.     medical expenses, past, present and future; and

    i.     other damages allowed by law.

18.     That in the event that Plaintiff was suffering from any other medical, psychological and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays that this Court award damages in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which Plaintiff may be found entitled, together with interest, costs and attorney fees.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

FISHER, FOWLER, DODSON, WILLIAMS, & NESI

_/s/ Nathan Dodson_
NATHAN DODSON (P68560)
Attorney for Plaintiff
18538 Mack Ave.
Grosse Pointe Farms, MI 48236
(313) 458-8276/(313) 469-7085 -Fax
Dated:  October 30, 2020        n.dodson@ffwplc.com